# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JANE GALVIN, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-341 |
| § | Judge Mazzant |
| LOWE'S HOME CENTERS, LLC § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lowe's Home Centers, LLC's 12(b)(6) Motion to Dismiss (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff Jane Galvin should be given leave to amend her complaint. Accordingly, the Court finds that the motion should be **DENIED as moot.**

### BACKGROUND

In December 2019, Jane Galvin was shopping in a Lowe's Home Centers, LLC store in Flower Mound, Texas when she tripped over an empty, unmarked pallet that was lying on the floor. On March 31, 2021, Plaintiff sued in the 431st Judicial District Court, Denton County, Texas (Dkt. 31). On April 30, 2021, Defendant removed pursuant to 28 U.S.C. §§ 1441 and 1446 (Dkt. #1). On June 1, 2021, Plaintiff amended her complaint, alleging negligence and gross negligence (Dkt. #7).

On June 21, 2021, Defendant moved to dismiss under Rule 12(b)(6) (Dkt. #8). On June 29, 2021, Plaintiff responded (Dkt. #9). On July 6, 2021, Defendant replied (Dkt. #10).

### LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant argues that Plaintiff's claims of negligence and gross negligence should be dismissed because Plaintiff improperly relied upon a premises liability theory of recovery to support her negligence claim, and Plaintiff failed to plead sufficient facts to state a claim for gross negligence. (Dkt. #8, #10). In response, Plaintiff argues the motion should be denied or, alternatively, that she should be given leave to amend her complaint (Dkt. #9 at p. 6). The Court finds that granting Plaintiff's request to amend her complaint is appropriate.

In Texas, negligence and premises liability are separate theories of recovery, with different elements a plaintiff must prove to recover. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010)). Therefore, under Texas law, negligence and premises liability claims are not interchangeable. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) ("Although premises liability is itself a branch of negligence law, it is a special form with different elements that define a property owner or occupant's duty with respect to those who enter the property"). For a plaintiff to recover under negligent activity theory, the injury must have occurred by, or as a contemporaneous result of, the activity itself, rather than by a condition created by the activity.

*Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex. 1985)). For a premises liability theory, a plaintiff must prove:

> (1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.

*Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

Here, Plaintiff's injury results from an empty pallet that was on the floor in Defendant's store. Plaintiff alleges Defendant "knew or should have known" about the pallet and taken measures to remove it or warn of the danger (Dkt. #7 ¶ 12). Plaintiff had to allege facts to show that the claimed injury resulted from some contemporaneous activity by Defendant, rather than a condition created by the activity. Plaintiff failed to identify any activities engaged in by Defendant. Therefore, Plaintiff has failed to meet her pleading burden for her negligence claim.

Defendant argues that because of such failure, Plaintiff has also failed to state a claim for gross negligence (Dkt. 8 at p.1 n.1). The Court disagrees. "To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim and demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'" *Howard v. Walmart Stores, Inc.*, Civil Action No. 4:15-CV-419, 2016 WL 4196701, at *5 (E.D. Tex. Aug. 9, 2016). Defendant has not alleged, nor does the Court find, that Plaintiff's complaint was insufficient regarding her premises liability claim. However, Plaintiff failed to allege any facts that would indicate Defendant had "subjective awareness" of the pallet, or of the "extreme degree of risk" the pallet posed to Defendant's customers. Therefore, Plaintiff has failed to meet her pleading burden for her gross negligence claim.

Although the Court is not required to give Plaintiff the opportunity to correct the deficiency in her pleadings, the Court will allow Plaintiff the chance to correct the problems with her recent complaint. Plaintiff should plead all facts pertaining to her negligence and gross negligence claims against Defendant.

## CONCLUSION

It is therefore **ORDERED** that Defendant Lowe's Home Centers, LLC's 12(b)(6) Motion to Dismiss (Dkt. #8) is **DENIED as moot.**

It is therefore **ORDERED** that Plaintiff shall file an amended complaint within fourteen (14) days of this Order.

**SIGNED this 9th day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE